IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:25-MJ-436 (DJS); |
| | ) |                   8:26-CR-3 (AMN) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIMAR KAYALI** | ) | **Government's Sentencing Memorandum** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the Acting United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant receive a sentence consistent with the federal sentencing guidelines.

## I.    INTRODUCTION

On January 27, 2026, the defendant is expected to plead and be convicted by plea of guilty to one count of transporting aliens, in violation of Title 8, United States Code, § 1324(a)(1)(A)(ii).

The charge arose from the defendant's travel on December 21, 2025, from Canada to the United States, to the northern border area in New York. Once in the United States, the defendant picked up two aliens who had illegally crossed the border between Canada and the United States and transported them further into the United States.

The defendant has moved for immediate sentencing after his plea of guilty and the government has no objection to immediate sentencing.

1

## II.   APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A.   Statutory Maximum Sentences

The defendant's conviction for transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), subjects the defendant to a statutory maximum term of 5 years' imprisonment; a 1-year term of supervised release, *see* 18 U.S.C. § 3583; a fine of up to $250,000, *see* 18 U.S.C. § 3571; a special assessment of $100, *see* 18 U.S.C. § 3013; and an additional special assessment of $5,000, see 18 U.S.C. § 3014(a)(5).

### B.   Guidelines Provisions

#### i.   Offense Level

The base offense level for the defendant's conviction is 12. *See* U.S.S.G. § 2L1.1(a)(3). The offense was committed "other than for profit," resulting in a 3-level decrease to the applicable guidelines.  *See* U.S.S.G. § 2L1.1(b)(1). The adjusted offense level is 9.

#### ii.   Acceptance of Responsibility

In the plea agreement, the Government agreed to recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. § 3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government has not determined that the defendant, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G § 3C1.1.  At the time of sentencing, because the government believes the defendant will have met these conditions, the defendant is entitled to a 2-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

### iii. Criminal History Category

The defendant does not have a criminal history. Therefore, his criminal history category is I, and he is a zero-point offender, which results in 2-level reduction pursuant to U.S.S.G. § 4C1.1. The defendant's total offense level is 5.

### iv. Guidelines Range and Sentence

As described above, the total offense level is 5 and the criminal history category is I. Absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 0-6 months of imprisonment and a supervised release term of up to 1 year. The defendant is also subject to the $100 special assessment and $5,000 special assessment.

Regarding supervised release, the court should not ordinarily impose supervised release when the defendant is an alien subject to deportation. *See* U.S.S.G. § 5D1.2(a)(3). Regarding a fine, the government does not know whether the defendant is indigent or if he has sufficient resources to pay a fine. The government would not object if the court finds the defendant lacks sufficient resources to pay the guidelines-recommended fine of $500 to $9,500. The government also would not oppose a finding by the court that the defendant is indigent, and therefore not subject to the $100 assessment set forth in 18 U.S.C. § 3013 and the $5,000 assessment set forth in 18 U.S.C. § 3014(b).

## III. GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the government respectfully requests that the Court impose a sentence consistent with the federal sentencing guidelines. Under the facts present here, such a sentence will be sufficient, but not greater than necessary, to comply with the sentencing purposes of 18 U.S.C. § 3553(a).

Alien smuggling is a serious offense, which calls for a serious punishment. When apprehended with the aliens, the defendant concocted an incredible story in which he stated that he was shopping in the United States, forgot his credit cards at home in Canada, and then, on his way home to retrieve his credit cards, picked up two aliens on the roadside. Of note, when apprehended, the defendant had several credit cards on his person. The defendant had a temporary visitor visa to legally enter the United States, but he knew that the aliens who had illegally crossed the border did not. By picking up the aliens after they had illegally crossed, the defendant participated in alien smuggling.

Fortunately, there is no evidence that either the defendant or the aliens had any nefarious purpose in the United States. However, the defendant's actions added to exponential increase of illegal border crossings into the United States.

A sentence consistent with the federal guidelines range will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others.  As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Within-Guidelines sentences also promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Dated: January 26, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

By:     */s/Carling Dunham*
Carling Dunham
Assistant United States Attorney
Bar Roll No. 703858